# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3466

_____

Louis Winston; Angela Winston, a    *
minor, by Louis Winston, her father   *
and next friend,    *
   *   Appeal from the United States
       Appellants,    *   District Court for the
   *   Northern District of Iowa.
     v.    *
   *       [UNPUBLISHED]
Jackson County Conservation Board,    *
   *
       Appellee.    *

_____

Submitted: May 17, 2002
Filed: June 14, 2002

_____

Before BOWMAN, MAGILL, and BYE, Circuit Judges.

_____

PER CURIAM.

Angela Winston and Louis Winston, Angela's father (collectively "the Winstons"), appeal the district court's[1] adverse grant of summary judgment in favor of the Jackson County Conservation Board (the "Board") on the Winstons' claim of negligence by the Board in failing to adequately supervise and maintain a public

_____

[1]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

swimming area under the Board's control. This case arises out of a boating accident in which Angela was struck and seriously injured by an intoxicated boat operator while swimming in a lake adjacent to a park operated by the Board. The district court held that the Board was immune from liability based on discretionary function immunity pursuant to Iowa Code § 670.4(3) (1998). The Winstons timely appealed. We affirm.

We review a grant of summary judgment de novo. C.R.S. v. United States, 11 F.3d 791, 795 (8th Cir. 1993). Having considered the parties' arguments on appeal and reviewed the applicable law, we are satisfied the district court correctly applied the controlling state law and that the record supports the district court's ruling.

First, contrary to the Winstons' assertion, the district court correctly found that Iowa Code § 670.4(3) is applicable to this case and immunizes acts of discretion in the performance of governmental functions or duties, whether or not the discretion is abused and whether or not negligence is alleged to have occurred. See Iowa Code § 670.4(3); Goodman v. City of Le Claire, Iowa, 587 N.W.2d 232, 235 (Iowa 1998). The Winstons argue, however, that § 670.4(3) is inapplicable to this case because the Board was aware of the hazards to which park users were exposed when swimming in the lake, and therefore did not have a choice in whether to take any remedial measures with respect to the intermingling of boaters and swimmers. We find the Winstons' argument to be a misunderstanding of the scope of the discretionary function exception and an improper entanglement of issues of negligence with the determination of whether the discretionary function exception applies.

Second, Iowa has adopted the Berkovitz two-step analysis in determining whether a challenged action falls within the discretionary function exception. See Goodman, 587 N.W.2d at 238 (citing Berkovitz v. United States, 486 U.S. 531 (1988)). Third, the Winstons are unable to identify any specific and clear policy statement issued by the Board addressing the nature of the challenged conduct, i.e.,

the adequacy of the safety precautions. Therefore, the conduct at issue is discretionary. <u>See</u> <u>Chantal v. United States</u>, 104 F.3d 207, 210 (8th Cir. 1997) (step one of the <u>Berkovitz</u> test). Finally, the element of judgment involved in the conduct at issue in this case is clearly susceptible to policy analysis. <u>See</u> <u>C.R.S.</u>, 11 F.3d at 796 (step two of the <u>Berkovitz</u> test). The Winstons contend, however, that the burden of proof is on the Board to demonstrate that its decision was grounded in policy. Even assuming, however, that the record fails to show that the Board in fact considered public policy factors, the relevant inquiry is merely whether the conduct at issue is susceptible to policy analysis. <u>Id.</u> Here, the issue of whether to purchase and place speed restriction buoys along the shoreline is clearly susceptible to policy analysis. The Board could have considered a wide range of policy factors in making its decision; whether it actually did so is immaterial. <u>Id.</u> at 798.

In sum, the challenged conduct at issue in this case is discretionary and susceptible to policy analysis. Thus, summary judgment was properly granted in favor of the Board based on discretionary function immunity. Accordingly, we affirm on the basis of the well-reasoned opinion of the district court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.